UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

MARIBEL AYALA, NICOLE A. PACHECO,
DOMENICA L. O'NEILL, MICHAEL
C. ESTRADA, RICHARD A. GUZMAN,            07 Civ. 8186 (CLB)
MICHAEL K. GUEVARA, CESAR
CASTILLO, MAUMER KLLAPIJA,
JASON GONZALEZ, and CRISTIAN
SALAZAR,

                          Plaintiffs,

     -against-

CITY OF YONKERS, New York,

                         Defendant.

-----------------------------------------------------------x

### PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Preliminary Statement

This is an action for declaratory and injunctive relief proximately resulting from Defendant's application to Plaintiffs of a certain provision of the Yonkers' City Code which, on its face and as applied, violates of Plaintiffs' rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. §1983. Plaintiffs now move for partial summary judgment for a declaration that Section 100-35 of the Yonkers City Code is unconstitutional.

1

## The Parties

Plaintiffs are citizens of the United States, domiciliaries of the State of New York, and residents of the Northern Counties. At all times relevant to this complaint each Plaintiff worked for The Guardian News, Inc., a New York domestic business corporation having its principal office for the conduct of business at 251 North Avenue, New Rochelle, New York. On a weekly basis the corporation publishes and disseminates a free newspaper known as "The Westchester Guardian" (hereinafter "Guardian"). That publication focuses on and reports about amongst other things municipal corporate corruption in the incumbent administration of the City of Yonkers.

Defendant City of Yonkers, New York (hereinafter "City") is a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of said State.

## The Facts

During the months of July and August of 2007 Plaintiffs non-disruptively distributed and/or attempted to distribute on public property in the City various editions of the Guardian - - each one of which contained editorials and/or reports critical of either the incumbent Mayor of the City and/or the City's Police Department.

As a result numerous police officers employed by the City charged Plaintiffs with violating Section 100-35 of the City's Code which in relevant part provides, without any time, place and/or manner limitations whatsoever:

"No person shall distribute, hand out or cast about any card, circular, pamphlet or printed matter within any park or upon any public place."[1]

### The Individual Plaintiff's Charges

#### Ayala

On August 1, 2007, Maribel Ayala was charged with violating Section 100-35 by reason of her "handing out and distributing newspapers (The Westchester Guardian) on park property and public place".

#### Pacheco

On July 21, 2007, Nicole Pacheco was charged with violating Section 100-35 for "distributing newspapers on public property without proper permits".

#### O'Neill

On August 1, 2007, Dominica O'Neill was charged with violating Section 100-35 because she was "handing out and distributing newspapers (The Westchester Guardian) on park property and public property". A second, identical charge was made with respect to the same conduct as engaged in by O'Neill on August 6, 2007.

---

[1] A violation of this provision would be committed by any person who, on Yonkers' public property, distributed copies of the United States Constitution, an excerpt from the Constitution - - such as the First Amendment - - or the Bible. Violations of Section 100-35 carry a fine of up to $1,500 and fifteen days imprisonment.

3

Estrada

On August 6, 2007, Michael Estrada was charged with violating Section 100-35 because he was "handing out and distributing newspapers (The Westchester Guardian) on park property and public place".

Guzman

On August 6, 2007, Richard Guzman was charged with violating Section 100-35 for "handing out and distributing newspapers (The Guardian ) on park property and public place". Six days earlier he was charged with violating that Section for "distributing newspapers on public property without proper permits".

Guevara

On July 11, 2007, Michael Guevara was charged with violating Section 100-35 by reason of his "distributing by hand printed material (The Westchester Guardian) inside a public place (Yonkers City Hall)".

Castillo

On July 11, 2007, Cesar Castillo was charged with violating Section 100-35 for "handing out printed matter inside City Hall to passer [sic.] bys [sic.]".

Kllapija

On August 9, 2007, Maumer Kllapija was charged with violating Section 100-35 for "distribute [sic.] papers/pamphlets without a permit".

4

<u>Salazar</u>

On August 9, 2007, Cristian Salazar was charged with violating Section 100-35 for "distributing newspapers without a permit".

## POINT

### SECTION 100-35 OF THE YONKERS CITY CODE IS UNCONSTITUTIONAL ON ITS FACE AND AS APPLIED

In relevant part the at-issue Code provision absolutely prohibits (without benefit of any time, place or manner criteria) the distribution of The Westchester Guardian on public property within the City of Yonkers.

Under the circumstances no particular degree of insight is required to conclude that that prior restraint is First Amendment violative. <u>City of LaDue v. Gilleo</u>, 512 U.S. 43, 55 (S.Ct. 1994)("Our prior decisions have voiced particular concern with laws that foreclose an entire medium of expression. Thus, we have held invalid ordinances that completely banned the distribution of pamphlets within a municipality, *Lovell v. City of Griffin*, 303 U.S. 444, 451-2. . .; handbills on public streets, *Jamison v. Texas*, 318 U.S. 413, 416. . .; the door-to-door distribution of literature, *Martin v. City of Struthers*, 319 U.S. 141, 145-149. . .; and live entertainment, *Schad v. Mount Ephraim*, 487 U.S. 474, 486); <u>Lusk v. Village of Cold Spring</u>, 475 F.3d 480, 485-6 (2d Cir. 2007); <u>Gannett Satellite Information Network, Inc. v. Metropolitan Transportation Authority</u>, 745 F. 2d 767, 772-3 (2d cir. 1984).

## Conclusion

A judgment is respectfully requested: Declaring unconstitutional on its face and as applied the referenced Code section, permanently enjoining the City from applying, with respect to Plaintiffs' non-disruptive distribution of the Guardian within the City the subject Code section, awarding costs and reasonable attorney's fees, and, granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
October 10, 2007

LOVETT & GOULD, LLP
By: _____
Jonathan Lovett (4854)
Attorneys for Plaintiff
222 Bloomingdale Road
White Plains, New York 10605
914-428-8401