

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THE GUARDIAN NEWS, INC., and SELIM ZHERKA,

                Plaintiffs,

-against-

PHILIP AMICONE, individually, EDMUND HARTNETT, individually, JOHN A. LISZEWSKI, individually, CITY OF YONKERS, New York, PAUL WOOD, individually, POLICE OFFICERS JOHN DOES #1 TO #20, individually, and SANITATION WORKERS #1 to #20,

                Defendants.

---

ECF Case

07 Civ. 7078 (CLB)

**STIPULATION AND ORDER**

**WHEREAS**, on or about August 9, 2007, Plaintiffs, The Guardian News, Inc. (the "Guardian") and Selim Zherka ("Zherka") (collectively the Guardian and Zherka will be referred to herein as the "Plaintiffs"), commenced the above-captioned matter pursuant to 42 U.S.C. § 1983 alleging, <u>inter alia</u>, that Defendants violated Plaintiffs' rights guaranteed by the First and Fourteenth Amendments to the United States Constitution (the "Complaint");

**WHEREAS**, the Complaint sought a trial by jury and sought $20 million in compensatory damages and $20 million in punitive damages;

**WHEREAS**, on or about August 22, 2007, Plaintiffs filed a motion for a temporary restraining order and a preliminary injunction seeking an order barring Defendants from:

    (1)    confiscating any newsracks placed by the Guardian on city-owned property in the City of Yonkers (the "City") for distribution of <u>The Westchester Guardian</u> (the "Newspaper");

    (2)    confiscating any copies of the Newspaper intended to be distributed on city-owned premises within the City;

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

MICROFILM
NOV 13 2007
USDC SD NY WP

(3) threatening employees of the Guardian with arrest/incarceration for distributing the Newspaper within the City;

(4) threatening Zherka with arrest/incarceration for distributing the Newspaper within the City;

(5) issuing to Guardian employees and Zherka appearance tickets charging them with violating the Yonkers City Charter for distributing the Newspaper; and

(6) directing Defendants to forthwith return to Plaintiffs all of the confiscated newsracks and newspapers;

**WHEREAS**, Defendants filed and served an Answer and Affirmative Defenses requesting a trial by jury and opposed Plaintiffs' motion for a temporary restraining order and preliminary injunction;

**WHEREAS**, the Court heard oral argument on Plaintiffs' motion on September 21, 2007;

**WHEREAS**, on September 21, 2007, the Court issued a temporary restraining order, consented to by Defendants, granting Plaintiffs' motion, in part, but limited the Guardian's distribution of the Newspaper in City Hall and on City Hall steps to be in the same manner which other newspapers or periodicals are distributed and prohibited Guardian employees from distributing the Newspaper in the street;

**WHEREAS**, on September 21, 2007, the Court also scheduled a plenary trial before the Court on November 12, 2007 (rescheduled for November 13, 2007 due to the Court being closed on November 12, 2007 in observance of Veteran's Day) and consolidated the Complaint and the motion for a preliminary injunction under Federal Rule of Civil Procedure 65a(2);

**WHEREAS**, ten related cases have been filed against the City and its officials and employees:

1. Guevara v. City of Yonkers, et al., (Docket No. 07 Civ. 6941);
2. Smith v. City of Yonkers, et al., (Docket No. 07 Civ. 6946);
3. Ayala v. City of Yonkers, et al., (Docket No. 07 Civ. 7080);
4. Kllapija v. City of Yonkers, et al., (Docket No. 07 Civ. 7597);
5. Gonzalez v. City of Yonkers, et al., (Docket No. 07 Civ. 7600);
6. Dzikovic v. City of Yonkers, et al., (Docket No. 07 Civ. 7692);
7. Sayegh v. City of Yonkers, et al., (Docket No. 07 Civ. 8048);
8. Lukaj v. City of Yonkers, et al., (Docket No. 07 Civ. 8184);
9. Ayala v. City of Yonkers, (Docket No. 07 Civ. 8186); and
10. Zherka v. Amicone, (Docket No. 07 Civ. 9618)

(collectively, the "Related Cases");

**WHEREAS**, all Plaintiffs in the above-captioned matter are represented by Lovett & Gould, LLP, the same attorneys of record representing all plaintiffs in the Related Cases;

**WHEREAS**, all Defendants in the above-captioned matter are represented by Thacher Proffitt & Wood, LLP, the same attorneys of record representing all defendants in the Related Cases;

**WHEREAS**, the underlying facts of the Related Cases concern the distribution of the Newspaper in the City and Defendants' actions with regard to same and are similar in many respects to the facts in the above-captioned matter;

**WHEREAS**, Defendants objected to a hearing/trial being conducted on November 13, 2007, wherein Defendants would waive their right to a trial by jury in the above-captioned matter or in the Related Cases;

**WHEREAS**, in furtherance of the Court's decision to hold an injunction hearing on November 13, 2007, (the "Hearing"):

**IT IS HEREBY STIPULATED AND AGREED BY AND BETWEEN THE PARTIES IN THE ABOVE CAPTIONED MATTER AND IN THE RELATED CASES (THROUGH THEIR RESPECTIVE COUNSEL) AS FOLLOWS:**

1. Plaintiffs withdraw, with prejudice, their damages claim (compensatory and punitive) against the Defendants in the above-captioned matter.

2. In the above-captioned matter, no decision, ruling, finding of fact or conclusion of law by this Court at the Hearing or subsequent thereto, or by the Second Circuit Court of Appeals or any other Court, shall have any impact (e.g., collateral estoppel, res judicata, law of the case — or any related principle) in the Related Cases as to any party.

3. In the above-captioned matter, no decision, ruling, finding of fact or conclusion of law by this Court at the Hearing or subsequent thereto, or by the Second Circuit Court of Appeals or any other Court, shall be used as evidence in the Related Cases by any party.

4. In the above-captioned matter, no decision, ruling, finding of fact or conclusion of law by this Court at the Hearing or subsequent thereto, or by the Second Circuit Court of Appeals or any other Court, shall be used as the basis for any charge to a jury in any of the Related Cases or reference made to any jury in the Related Cases by any party.

5. Those Plaintiffs in the above-captioned matter and those plaintiffs in the Related Cases who are defendants in criminal or quasi criminal legal proceedings now pending in the Yonkers City Court waive the defense of "speedy trial" (pursuant to N.Y. Criminal Procedure Law § 30.30 or any similar statute) in any action commenced by the People of the State of New York in the Yonkers City Court regarding the distribution of the Newspaper, and that said City

Court matters are hereby adjourned on consent of the People and all defendants in these matters until a date no earlier than March 15, 2008.

6. Plaintiffs' motion for summary judgment in <u>Ayala v. City of Yonkers</u>, (Docket No. 07 Civ. 8186) will be held in abeyance and adjourned *sine die.*

7. Based on this Court's ruling on October 26, 2007 in the Related Case <u>Dzikovic v. City of Yonkers, et al.</u>, (Docket No. 07 Civ. 7692), Defendants withdraw their respective identical motions to dismiss claims commenced against Defendant, Lawrence Porcari, in the Related Cases entitled, <u>Sayegh v. City of Yonkers, et al.</u>, (Docket No. 07 Civ. 8048) and <u>Lukaj v. City of Yonkers, et al.</u>, (Docket No. 07 Civ. 8184).

8. This Stipulation and Order shall be binding on all parties in the above-captioned case and all parties in the Related Cases.

9. This Stipulation and Order constitutes the entire understanding between and among the parties in the above-captioned matter with respect to the subject matter hereof and all the parties in the Related Cases. It is understood and agreed that none of its terms or provisions may be waived, altered, modified or amended except in a writing duly signed by the attorneys for all the parties hereto and the attorneys for the parties in the Related Cases and approved by the Court, or upon further order of the Court.

LOVETT & GOULD, LLP

By: ___[signature]___
Jonathan Lovett
222 Bloomingdale Road
White Plains, New York 10605
Telephone: (914) 428-8401

*Attorneys for Plaintiffs and Attorneys For Plaintiffs in the Related Cases*

Dated: White Plains, New York
November 13, 2007

THACHER PROFFITT & WOOD LLP

By: ___[signature]___
Kevin J. Plunkett
Darius P. Chafizadeh
50 Main Street
White Plains, New York 10606
Telephone: (914) 421-4100

*Attorneys for Defendants and Attorneys For Defendants in the Related Cases*

SO ORDERED:

___[signature] BRIEANT___
Hon. Charles L. Brient
United States District Judge